NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3827
_____

YONG DI CHEN,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A79-319-079)
(U.S. Immigration Judge:  Honorable Miriam Mills)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 23, 2010
Before: SCIRICA, JORDAN and VANASKIE,  Circuit Judges.

(Filed: June 30, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Yong Di Chen, proceeding pro se, petitions for review of a Board of Immigration

Appeals ("BIA") decision dismissing his appeal of an Immigration Judge's ("IJ") decision

denying his applications for relief from removal.  We will deny the petition for review.

Chen is a native and citizen of China who came to the United States in 2000.  In

2001, Chen filed an application for asylum and withholding of removal. A notice to appear was issued shortly thereafter charging that Chen was subject to removal for being present in the United States without having been admitted or paroled. Through counsel, Chen conceded that he is removable as charged. He also sought relief under the Convention Against Torture ("CAT").

Chen testified that he was married in 1995 and that he has one daughter who was born in 1996. His wife and daughter live in China. Chen stated that, after his daughter was born, family planning officials forced Chen's wife to have an IUD inserted. Chen hired a private doctor to remove the IUD and his wife became pregnant. She hid at her mother's home. In May 1997, six cadres arrived at his mother-in-law's house and took his wife away. Chen testified that he confronted cadres in his village and they ignored him. He went home and his wife returned and told him that she had an abortion. Chen stated that the doctor gave his wife an abortion certificate. Two weeks later, Chen's wife was required to have an IUD inserted. Chen testified that he does not want to return to China because he was persecuted there and he would not be able to have more children.

The IJ concluded that Chen was not credible, noting, among other things, that the abortion certificate appeared to have been recently printed and that the background evidence did not reflect that involuntary abortion certificates were in fact issued. The IJ also did not admit into evidence documents Chen had submitted because they were not certified pursuant to 8 C.F.R. § 287.6. The IJ thus denied Chen's applications for asylum

and withholding of removal.[1] The IJ also denied CAT relief, noting that Chen had not shown that it was more likely than not that he would be tortured if removed.

The BIA adopted and affirmed the IJ's decision insofar as the IJ found Chen not credible. Chen filed a petition for review. We granted the Government's unopposed motion to remand the proceedings to the BIA based upon Liu v. Ashcroft, 372 F.3d 529, 533 (3d Cir. 2004), in which we held that it was error to exclude an abortion certificate for lack of certification under § 287.6 because the document could be authenticated by other means. The BIA vacated its decision and remanded the case to the IJ to give Chen the opportunity to authenticate his documents and for the IJ to make a new credibility finding.

On remand, the matter was assigned to a different IJ, who issued an interlocutory decision stating that Chen had submitted authentication certificates for certain documents, but not the abortion certificate. Noting that there was widespread fabrication of birth control documents from Fujian Province and that the authenticity of the abortion certificate was crucial to Chen's claim, the IJ ordered Chen to submit all evidence of his attempts to authenticate that document. After receiving Chen's response, the IJ denied his asylum claim. The IJ did not make an adverse credibility finding but concluded that Chen

---

[1]The IJ further stated that, if Chen was credible, he would have had to find past persecution but he would have denied asylum based on a fundamental change in circumstances. The IJ explained that Chen did not have a well-founded fear of persecution because he was no longer in violation of China's family planning policies and he could now have another child under those policies because more than four years had passed since the birth of his daughter.

had failed to adequately corroborate his claim that his wife had an involuntary abortion and had thus failed to satisfy his burden of proof. The IJ stated that Chen had not authenticated the abortion certificate or shown any failed attempt to do so. The IJ also denied Chen's claims for withholding of removal and protection under the CAT.

The BIA dismissed Chen's appeal, stating that the issue regarding the authenticity of the abortion certificate was not outcome determinative of his case. Citing Lin-Zheng v. Attorney General, 557 F.3d 147 (3d Cir. 2009) (en banc), the BIA explained that aliens whose spouses suffered persecution in the coercive population control context are not per se eligible for asylum, although they may show past persecution or a well-founded fear of persecution on account of their own "other resistance" to a coercive population control program. The BIA noted that Chen did not argue that he suffered past persecution or has a well-founded fear due to his own resistance to a coercive population control program. The BIA also rejected Chen's argument that, if he has more children, he will be forcibly sterilized, noting that Chen did not then have two children and that his wife was not pregnant. The BIA concluded that Chen had not met his burden of proof for asylum or withholding of removal. This petition for review followed.[2]

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We review the BIA's factual determinations for substantial evidence and the BIA's legal conclusions de novo. Lin-

---

[2]The BIA also upheld the denial of CAT relief. Chen does not pursue this claim in his petition for review.

Zheng, 557 F.3d at 155. Under the substantial evidence standard of review, factual determinations must be upheld unless "any reasonable adjudicator would be compelled to conclude to the contrary." See id. (citations omitted).

As recognized by the BIA, we addressed the definition of a "refugee" in Lin-Zheng and held that, based on the ordinary meaning of the statutory language, only the person who has been forced to submit to an involuntary abortion or sterilization, has been persecuted for failure or refusal to undergo such a procedure, or has a well-founded fear of that occurring in the future is a refugee. 557 F.3d at 155-57. We stated that spouses, like Chen, remain eligible for relief in their own right provided that they qualify as a refugee based upon their own persecution. Id. at 157. We explained that a spouse can claim refugee status if he can show actual persecution for resisting a country's coercive family planning policy or a well-founded fear of future persecution for doing so. Id.

In his brief, Chen argues that he is eligible for asylum based on his wife's forced abortion. These arguments are foreclosed by Lin-Zheng. Chen does not argue that he was harmed for his own resistance to China's family planning policies or that he has a well-founded fear of future persecution based on his own resistance. To the contrary, Chen testified that the cadres ignored him when he confronted them. Chen also disputes a statement by the BIA that the abortion certificate undermines his claim that the abortion was forced. Because the BIA correctly held that Lin-Zheng precludes Chen's claim, it is unnecessary to address these arguments.

Chen also challenges the BIA's conclusion that he did not establish a well-founded fear of persecution based on his intention to have more children if he returns to China. Chen first argues that the IJ did not address whether he had a well-founded fear of future sterilization and that the BIA engaged in impermissible fact finding in concluding that he did not establish such a fear based on his intention to have more children. We disagree. As noted by the Government, the BIA assumed that the fact alleged by Chen (that he planned to have more children) was true, but concluded that his intention was insufficient to meet his burden to establish a well-founded fear of persecution.

Chen further argues that substantial evidence does not support the conclusion that he does not have a well-founded fear of persecution. The BIA decided that Chen had not established a well-founded fear of persecution based on his intention to have a second child. We agree with the Government that Chen has not pointed to evidence establishing that family planning officials would seek to target him for forced sterilization if he returned to China. Chen has not shown that the record compels the conclusion that he has a well-founded fear of persecution.[3]

_____

[3]We also agree with the Government that <u>Lin v. Gonzales</u>, 445 F.3d 127 (2d Cir. 2006), relied upon by Chen, is distinguishable. In <u>Lin</u>, the IJ found that an alien, who had been threatened with forced sterilization after the birth of her second child, would have a well-founded fear of persecution if she became pregnant again, but found her future pregnancy speculative. The court of appeals found that substantial evidence did not support the conclusion that a future pregnancy was speculative where the alien already had two children and stated that she intended to have more. <u>Id.</u> at 135-36. Unlike in <u>Lin</u>, Chen has never been threatened with forced sterilization and the BIA did not conclude that he would have a well-founded fear of persecution if his wife became pregnant;

6

Accordingly, we will deny the petition for review.

---

instead, the BIA noted that sterilization may occur *after* the birth of a *second* child and stated that Chen did not meet his burden of proof by simply stating his intention to have a second child.